Byron HOOPER *v.* STATE of Arkansas

CR 91-232                                          833 S.W.2d 769

Supreme Court of Arkansas
Opinion delivered June 15, 1992

*George Mason*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Didi H. Sallings*, Asst. Att'y Gen., for appellee.

PER CURIAM. On July 13, 1990, appellant was convicted of possession of cocaine with intent to deliver and conspiracy to deliver cocaine. Appellant's counsel, George W. Mason, filed an appeal but untimely tendered the record in this matter on

November 18, 1991. We granted a motion for rule on the clerk on December 9, 1991, and counsel filed an abbreviated abstract and brief on February 3, 1992. On February 5, 1991, the state requested this court to compel counsel to refile an abstract and brief that complied with Supreme Court Rules 9 and 11(f), which we granted. Counsel belatedly filed another abstract and brief, which again failed to meet this court's appellate rules, and the state asks alternatively to order counsel to rebrief this matter again, to appoint new counsel to prepare and rebrief the case or to permit the state to prepare a more complete abstract.

We agree Mr. Mason's abstract fails to meet the requirements of Rules 9 and 11(f), and is so inadequate that certain points of reversal submitted by the appellant cannot be reached or decided. For example, appellant raises nine points for reversal which include one that challenges the sufficiency of the evidence and another that claims the trial court was "lax in controlling the trial and admission of evidence." Counsel's condensed abstract of the transcript makes it impossible to decide these issues. We note that counsel has tendered a belated response to the state's second rule 9 motion disagreeing with the state's (and now our) analysis of his abstract. Counsel further states that the appellant is indigent and his attorney will have to have other attorneys appointed, if it becomes necessary for the entire brief (record) and all pleadings to be abstracted.

Rather than to chance further delay in this appeal by ordering another rebriefing by Mr. Mason, we hereby relieve him from further duties herein and appoint new counsel, who shall file a new abstract and brief meeting the requirements of Rules 9 and 11(f). A new briefing schedule shall be established by the clerk's office.

A copy of this per curiam and copies of the record and briefs filed in this appeal to date will be forwarded to the Committee on Professional Conduct for that committee's consideration of Mr. Mason's conduct under Rule 1.3 of the Model Rules of Professional Conduct.