Charles Louis JACKSON *v.* STATE of Arkansas

CR 90-274                                         833 S.W.2d 376

Supreme Court of Arkansas
Opinion delivered July 20, 1992

*Milas H. Hale, III*, for appellant.

No response.

PER CURIAM. Appellant was convicted of capital murder in Pulaski County Circuit Court on July 11, 1990. He was sentenced to life imprisonment without parole. Appellant appealed from his conviction, and his counsel filed a brief pursuant to *Anders* v. *California*, 386 U.S. 378 (1967), stating that there was no merit to the appeal. On April 29, 1991, we granted appellee's motion to order compliance with Arkansas Supreme Court Rules 11(f) and 11(h). Appellant's attorney failed to file a new brief, and on May 11, 1992, one year later, we granted his motion for belated brief. Appellant has now filed a second brief pursuant to *Anders, supra,* stating that there is no merit to this appeal. This second brief does not contain an abstract at all and again does not comply with Ark. Sup. Ct. R. 11(f) and 11(h). The state submits that another rebriefing of this case should be ordered because appellant has not complied with the mandates of Arkansas Supreme Court Rules 9, 11(f), and 11(h).

We agree Mr. Milas H. Hale, III's brief fails to meet the requirements of Rules 9, 11(f), and 11(h), and is so inadequate that the appeal cannot be decided. Accordingly, the state's second motion to order compliance with Rules 9, 11(f), and 11(h) is granted.

Rather than to chance further delay in this appeal by ordering another rebriefing by Mr. Hale, we hereby relieve him from further duties herein and appoint new counsel, who shall file a new abstract and brief meeting the requirements of Rules 9, 11(f), and 11(h). *Hooper* v. *State*, 309 Ark. 622, 833 S.W.2d 769 (1992) (per curiam.) A new briefing schedule shall be established by the clerk's office.

A copy of this per curiam and copies of the record and briefs filed in this appeal to date will be forwarded to the Committee on Professional Conduct for that committee's consideration of Mr. Hale's conduct.